IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN PHILIP STIRLING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHINA, *et al.*,<br><br>　　　　Defendants. | Case No. 3:20-cv-00713-SB<br><br>**FINDINGS AND RECOMMENDATION** |

**BECKERMAN, U.S. Magistrate Judge.**

　　Plaintiff John Philip Stirling ("Stirling"), a self-represented litigant in custody at the Federal Correctional Institution Sheridan ("Sheridan"), filed this case on April 30, 2020, seeking $30 million in damages from the People's Republic of China ("China") for its negligent release of the Covid-19 virus to the United States. (ECF No. 1.) The Court recommends that the district judge dismiss Stirling's complaint.

　　The district court must dismiss a complaint *sua sponte* if it determines at any time that it lacks subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) ("We are obligated to consider *sua*

PAGE 1 – FINDINGS AND RECOMMENDATION

*sponte* whether we have subject matter jurisdiction." (citing *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004))). This Court lacks jurisdiction over Stirling's claims against China because China is immune from suit in federal court under the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. § 1604 ("[A] foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter"); *see also Shamoun v. Republic of Iraq*, 441 F. Supp. 3d 976, 988 (C.D. Cal. Feb. 27, 2020) ("'A federal court lacks subject[-]matter jurisdiction over a claim against a foreign state unless the claim falls within an exception to immunity under the FSIA.'" (quoting *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 706 (9th Cir. 1992))); *Havensight Capital LLC v. People's Republic of China*, No. CV 15-01206 DDP (FFMx), 2015 WL 12819155, at *1 (C.D. Cal. Apr. 27, 2015) (ordering the plaintiff to show cause why the court should not dismiss case against the People's Republic of China ("PRC") for lack of jurisdiction, because "PRC is a foreign state within the meaning of 28 U.S.C. § 1603" and "[a]s a general matter, foreign states are immune from suit, 28 U.S.C. § 1604, except for certain exceptions defined at 28 U.S.C. § 1605").

The exception to foreign sovereign immunity for personal injury suits under 28 U.S.C. § 1605 does not apply here because Stirling's negligence claim is necessarily based on the Chinese government's "exercise or performance or the failure to exercise or perform a discretionary function[.]" 28 U.S.C. § 1605(a)(5)(A) ("A foreign state shall not be immune from the jurisdiction of courts of the United States . . . in any case-- . . . in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or

PAGE 2 – FINDINGS AND RECOMMENDATION

employment; except this paragraph shall not apply to--(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused"); *see also Shamoun*, 441 F. Supp. 3d at 996 (dismissing tort claims against the Republic of Iraq without leave to amend and recognizing that the discretionary function exclusion was designed to shield "those decisions 'grounded in social, economic, and political policy'" (quoting *Soldano v. United States*, 453 F.3d 1140, 1145 (9th Cir. 2006))).

China is a foreign state immune from the jurisdiction of this Court, and therefore the district judge should dismiss Stirling's complaint against China for lack of subject matter jurisdiction. *See Carrasco v. Al-Mazrodei*, 252 F. App'x 850, 851 (9th Cir. 2007) (affirming dismissal of tort claim against the United Arab Emirates where the plaintiffs "failed to establish that the tortious activity exception to the FSIA, 28 U.S.C. § 1605(a)(5), applied, and therefore the district court correctly concluded it lacked subject matter jurisdiction over the case").

## CONCLUSION

For the reasons stated, the district judge should DISMISS Stirling's complaint (ECF No. 1) without leave to amend, and DENY AS MOOT Stirling's Motion for Default Judgment (ECF No. 9) and Motion for Reconsideration (ECF No. 14).[1]

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due

---

[1] Stirling has refused to pay the required filing fee or file an application to proceed *in forma pauperis*. (*See* ECF Nos. 6-7, 10-14.) Nevertheless, the Court recommends dismissal of the complaint without requiring Stirling first to pay the filing fee because it is a more efficient use of judicial resources than litigating the fee issue in this court and on appeal. *See* ECF No. 12 (dismissing Stirling's interlocutory appeal in which he asserted he is exempt from the filing fee requirement pursuant to 28 U.S.C. § 1916 because he is a seaman).

within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 14th day of August, 2020.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 4 – FINDINGS AND RECOMMENDATION